(160 App. Div. 115)

### McLOUGHLIN v. DUFFNEY BRICK CO.

(Supreme Court, Appellate Division, Third Department.   January 7, 1914.)

1. EVIDENCE (§ 552*)—ADMISSIBILITY—HYPOTHETICAL QUESTION.

In an action for the wrongful death of a servant found dead on the top of a brick kiln under which coal was burning where it was claimed that he was asphyxiated from the fumes, and defendant claimed that organic heart trouble was the cause of death, it is improper, plaintiff's medical expert having testified that if deceased had been found in the street

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

under the same conditions he would have believed that the death was from heart trouble, to exclude a hypothetical question as to the expert's opinion as to the cause of death.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2368; Dec. Dig. § 552.*]

2. APPEAL AND ERROR (§ 1056*)—REVIEW—HARMLESS ERROR.

In an action for wrongful death of a servant, where the question was whether he was asphyxiated or died from heart trouble, the exclusion of a hypothetical question to a medical expert, offered by plaintiff, as to his opinion of the cause of death, is prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193, 4207; Dec. Dig. § 1056.*]

Appeal from Trial Term, Albany County.

Action by James McLoughlin, as administrator of Patrick McLoughlin, deceased, against the Duffney Brick Company. From a judgment for defendant and an order denying plaintiff's motion for new trial, plaintiff appeals. Reversed and remanded.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

John Scanlon, of Cohoes, for appellant.
Neile F. Towner, of Albany, for respondent.

SMITH, P. J. The action was for damages for the death of plaintiff's intestate, caused as it was claimed by the negligence of defendant in failing to warn plaintiff's intestate, its employé, of dangers connected with his work. Four questions were submitted to the jury: The defendant's negligence in failing to give such warning; whether the death was caused by such negligence; the absence of contributory negligence on the part of intestate; and his assumption of the risk of this work. The jury found a verdict of no cause of action, and from the judgment entered thereupon and from the order denying plaintiff's motion for a new trial this appeal is taken.

I think the judgment and order must be reversed for an error of the trial judge in rejecting competent evidence.

[1, 2] The work of plaintiff's intestate was daubing a brick kiln. He was found dead upon the top of the kiln not long after he had commenced work. The night before defendant had commenced burning coal under his kilns, and it was claimed that the fumes from the coal caused the death of plaintiff's intestate. Dr. Garvott, who performed the autopsy, swore that in his opinion death was caused by asphixiation. Upon cross-examination he was asked, if he had been found in the street under the same conditions, what then would have been his opinion of the cause of death, and he replied, organic disease of the heart. It was urged by defendant that the cause of death was organic disease of the heart and not the negligence of defendant. In this state of the case it was error not to allow Dr Witbeck upon plaintiff's examination to answer the hypothetical question as to his opinion of the cause of death. The hypothetical question seems to have assumed nothing which was not based upon evidence in the case. Upon objection thereto the court asked the witness if he saw

the deceased after death, to which the witness answered in the negative. The objection was thereupon sustained, and plaintiff took an exception to the ruling. As this was one of the contested questions which the jury was called upon to decide, it cannot be said that the rejection of this evidence was harmless. The judgment and order should, therefore, be reversed, and a new trial granted, with costs to appellant to abide event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur.